2001 OK 36

### LEAR SIEGLER SERVICES, INC., Appellant,

v.

### Victoria NANCE, Kay Isaacson and the Oklahoma Department of Labor, Appellees.

No. 95,874.

Supreme Court of Oklahoma.

April 19, 2001.

## ORDER

¶ 1 The final order in this case was filed and mailed to the parties on January 16, 2001. The last day within which to timely commence an appeal would have been Thursday, February 15, 2001. 12 O.S. Supp 1997 § 990A, Rule 1.3 of the Oklahoma Supreme Court Rules. The petition in error was ·mailed from Tulsa, Oklahoma, on February 15, 2001, by certified mail, return receipt requested. The certified mail receipt had a post office date stamp of February 15, so the petition in error was mailed in accordance with Rule 1.4(c) of the Supreme Court Rules. Rule 1.4(c) of the Supreme Court Rules provides that a petition in error may be deemed filed when mailed if it is mailed in conformance with that Rule. However, Rule 1.4(c) also provides that a petition in error may *not* be deemed filed when mailed *unless* the full amount of the required cost deposit, or a pauper's affidavit is also mailed, or actually delivered to the Clerk within the same time period required by 12 O.S. Supp.1997 § 990A to commence an appeal.

¶ 2 The Clerk of the Supreme Court received the petition in error on February 16, 2001. Neither the $200.00 cost deposit, nor a pauper's affidavit accompanied the petition in error. The clerk notified the attorney for the appellant of this deficiency. The $200.00 cost deposit was delivered to the Clerk later in the day on February 16, 2001. The Clerk filed the petition in error on February 16, upon receipt of the cost deposit.

¶ 3 This appeal is hereby dismissed as untimely. Although the petition in error was mailed on February 15, 2001, the cost deposit did not accompany the petition in error. An appeal is not commenced until the entire cost deposit, or pauper's affidavit is remitted to the Clerk of the Supreme Court. The cost deposit or pauper's affidavit must be mailed or delivered to the Clerk within the same 30 day period for filing the petition in error in order to timely commence an appeal. Rule 1.23(b) of the Oklahoma Supreme Court Rules. If a petition in error is mailed according to Rule 1.4(c) of the Oklahoma Supreme Court Rules, the cost deposit must be (1) included in the same package as the petition in error, or (2) separately mailed in accordance with Rule 1.4(c) or (3) delivered to the Clerk of the Supreme Court within the same 30 day period required by 12 O.S. Supp. § 990A for filing the petition in error. In this case, the last day in which to deliver or mail the cost deposit to the Clerk was February 15, 2001. The cost deposit was not delivered to the Clerk until February 16, 2001, one day late.

¶ 4 APPEAL DISMISSED.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19TH DAY OF APRIL, 2001.

¶ 6 HARGRAVE, C.J., WATT, V.C.J., KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 7 HODGES, LAVENDER, OPALA, and SUMMERS, JJ., dissent.

SUMMERS, J., dissenting and joined by HODGES, J. and LAVENDER, J.

¶ 1 The petition in error was timely mailed on February 15. It arrived at the Court Clerk's office on February 16. The cost deposit, although not mailed with the petition in error, also reached the Clerk's office on February 16. The Court Clerk accepted the check, endorsed and deposited it, and filed the petition in error. Today the Court dismisses the appeal as untimely. I respectfully dissent.

¶ 2 Our own Rule covers the situation. It says:

Where a petition is mailed following the requirements of this rule, the petition shall not be deemed filed on the date of mailing unless the full amount of the required cost deposit for filing the petition has also been mailed, conforming to the same mailing requirements, *or such cost deposit is actually delivered to the Court Clerk within the time period for perfecting the appellate procedure.* (Emphasis added) Oklahoma Supreme Court Rules, Rule 1.4(c)

¶ 3 Here the cost deposit was "actually delivered" to the Clerk on February 16, the same day the Clerk received and filed the petition

in error. February 16 was the last day of the "time period for perfecting the appellate procedure", because that is the day the Clerk received the petition for filing. Obviously the appellate procedure is not "perfect[ed]" until the Clerk files the petition. This appeal should be allowed to proceed.